**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **Dish Network LLC, et al.,** | ) | **CASE NO. 1:17 CV 999** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **Gabriel Matos,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

### Introduction

This matter is before the Court upon Plaintiffs' Rule 60(a) Motion to Correct Judgment Entry *Nunc Pro Tunc* (Doc. 20). The issue is whether the Final Judgment and Permanent Injunction issued after default was entered should be corrected to change defendant's name from Gabriel Matos to Gabriel A. Matos, Jr. For the following reasons, the motion is GRANTED.

### Facts

In May 2017, plaintiffs Dish Network LLC and Nagrastar LLC filed their Complaint against defendant Gabriel Matos. The Complaint alleged that defendant violated several federal acts by

1

trafficking in server passcodes designed to circumvent plaintiffs' security system and to receive satellite broadcasts of copyrighted television programming without payment of the required subscription fee. The Complaint stated that defendant was "believed to be residing at 3216 W. 86th St., Cleveland, Ohio 44102."

The docket shows that in August 2017, plaintiffs were still attempting to effectuate service on defendant. At that time, plaintiffs filed a motion requesting another two months to serve defendant. This Court granted the motion. As supported by declaration testimony, plaintiffs stated that public records showed that defendant owned property located at 3207 W. 86th in Cleveland. Between May and June, defendant twice "adamantly refused" to accept service by the process server at that address. In June 2017, plaintiffs retained another process server who went to 3207 W. 86th seven times to attempt to serve defendant, but was unable to do so. In late June, plaintiffs requested the Clerk attempt to serve defendant by certified mail at 3207 but that, too, was unsuccessful.

In October 2017, plaintiffs filed a motion for alternative service and a request for more time to serve defendant. Again, the motion stated that records showed that defendant owned the property at 3207 W. 86th, and that multiple attempts at service of process were unsuccessful. Plaintiffs stated that more recently, they retained the services of a third process server who went to defendant's residence in September 2017, and delivered the summons and complaint to defendant's mother, Ana Matos, who lived in a residence connected to defendant's and who told the process server that she would deliver the documents to defendant. The "proof of service" stated that Ms. Matos lived at 3207 W. 86th, that "3216 and 3218 are connected," that Ms. Matos was sitting on the front porch, and that she identified herself as Gabriel's mother. Plaintiffs requested to serve defendant by regular mail due to the multiple

2

refusals of personal service. The Court granted the motion.

The docket shows that the Clerk served the summons and Complaint by ordinary mail. After no answer or responsive pleading was filed, plaintiffs requested entry of default and the Clerk entered default. Following a default hearing, this Court entered default judgment on January 26, 2018. A Final Judgment and Permanent Injunction was signed by the Court on January 31, 2018. In addition to being enjoined from various activities, statutory damages in the amount of $140,000 were awarded to plaintiffs.

The declaration of Nathaniel R. Sinn, an attorney for plaintiffs, and supported by exhibits, establishes the following. A Praecipe for Writ of Execution was filed in the Cuyahoga County Court of Common Pleas on May 9, 2018, to execute on defendant's property at 3216 W. 86th. In a June 2018 journal entry, the Common Pleas Court judge stated that the case was called for hearing and plaintiffs' counsel appeared along with "counsel for Gabriel Matos, Sr." The judge further stated that following discussion, it was determined that the judgment lien was "a proceeding against Gabriel Matos, Jr." The court rescheduled the hearing to allow defendant Gabriel Matos, Jr. to obtain counsel. Gabriel Matos, Jr. then filed a Notice of Bankruptcy Proceeding and Automatic Stay in the Common Pleas Court case. On July 11, 2018, "debtor Gabriel A. Matos, Jr., 3216 W. 86th St.," filed a Voluntary Petition for protection under Chapter 7 in the United States Bankruptcy Court for the Northern District of Ohio. In August 2018, plaintiffs filed an adversary proceeding against the debtor in the bankruptcy court alleging that the $140,000 judgment was non-dischargeable because it stemmed from defendant's willful violations. After being served with plaintiffs' motion for summary judgment, the debtor filed a motion to dismiss arguing that he is not the same person as the judgment defendant Gabriel Matos. Ultimately, the

3

bankruptcy court entered an agreed order lifting the automatic stay for the limited purpose of the parties returning to this Court "to clarify whether or not the Debtor is the 'Gabriel Matos' against whom the District Court intended to render its judgment..."

Gabriel A. Matos, Jr. submitted his declaration to support the opposing brief herein. He states the following. He is the debtor in the bankruptcy proceeding, referred to above, filed on July 11, 2018. At the time of the bankruptcy filing, he resided at 3216 W. 86th, Cleveland. The Cuyahoga County Auditor lists the address as 3214 W. 86th, but his mail is directed to 3216 W.86th. His son lived with him at this address from 2014 until 2018. Gabriel A. Matos, 76 years old, is his father. His parents, Gabriel A. Matos and Ana M. Matos, reside diagonally across the street from him at 3207 W. 86th. His parents immigrated from Puerto Rico, and have language and cultural barriers which impede their understanding of legal matters. He has not lived with his parents since 2006. His parents' trust transferred the residence at 3216 W. 86th, which they had purchased in 2006, into his name on September 18, 2017. He did not become aware of the lawsuit Dish filed against his father until May 2018 when he received a Writ of Execution delivered to his residence home (3216 W. 86th) about a garnishment/attachment action in the Cuyahoga County Court of Common Pleas. His parents scheduled a consultation with attorney Van Ness concerning the garnishment, and he instructed the attorney to point out that the Writ erroneously listed his home and vehicle. He has not received any court summons or pleadings from either plaintiffs or their lawyers concerning this Case No. 1:17 CV 999, nor were any delivered to his home (at 3216 W 86th) or received by his son. No one came to his home at 3216 to deliver documents concerning this case. He was not aware that a judgment had been entered against him until attorney Van Ness told him.

Attorney Van Ness submitted his declaration which states the following. He represents Gabriel A. Matos, Jr. in this motion proceeding as well as the bankruptcy case. He was contacted by Ana Matos concerning a garnishment/attachment matter filed against her husband, Gabriel A. Matos, and scheduled a consultation on May 18, 2018. Prior to their meeting, he received an email from Gabriel A. Matos, Jr. to advise him that the Writ of Execution against his father erroneously listed his residence address and vehicle. Van Ness represented Gabriel A. Matos (Jr.'s father) at the hearing in Common Pleas Court where plaintiffs' counsel advised the judge that the judgment was actually against Gabriel A. Matos, Jr. Following the hearing, attorney Van Ness contacted Gabriel A. Matos, Jr. to advise him that Dish Network, LLC had alleged that he was the actual defendant in the Writ of Execution as well as this Case No. 1:17 CV 999. Gabriel A. Matos, Jr. later retained Van Ness concerning the exemption hearing in Common Pleas Court and it was ultimately decided to seek bankruptcy protection and file the Chapter 7 case.

This matter is now before the Court upon Plaintiffs' Rule 60(a) Motion to Correct Judgment Entry *Nunc Pro Tunc*.

**Discussion**

Rule 60(a) states, "The Court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." "The basic purpose of the rule is to authorize the court to correct errors that are mechanical in nature." *Braun v. Ultimate Jetcharters, LLC*, 828 F.3d 501 (6th Cir. 2016) (quoting *In re Walter*, 282 F.3d 434, 440 (6th Cir. 2002)). "Whereas Rule 60(a) may not be used in instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination, the Rule can be

5

used to correct mistakes or oversights that cause the judgment to fail to reflect what was intended at the time of trial." *Id*. (internal quotation marks and citations omitted).

Defendant[1] argues that not only should the 60(a) motion be denied because there was no "clerical mistake," but that the default judgment should be vacated and the underlying action be dismissed for failure of service of process. Defendant maintains that there was no mistake or oversight in the judgment and that plaintiffs' errors cannot be corrected via Rule 60(a). Plaintiffs, defendant contends, relied on online searches which provided them with a mixture of information between Gabriel A. Matos, Jr. and his father, Gabriel A. Matos. Attempts at service on Gabriel A. Matos, Jr. were attempted at his father's address (3207 W. 86th) numerous times while Jr. "has resided exclusively at 3216 W. 86th Street at all times relevant to these proceedings." (Doc. 23 at 11)

Defendant maintains that he (Gabriel A. Matos, Jr., age 37 and residing at 3216 W. 86th) and his father (Gabriel A. Matos, age 76 and residing at 3207 W. 86th) are two separate and distinct individuals residing in two separate and distinct residence addresses. He asserts that before the lawsuit was filed, plaintiffs identified him only from his email address and did not know who he was. Defendant further asserts that while the Complaint alleged that he was believed to reside at 3216, plaintiffs attempted to serve him on at least 10 occasions at 3207. Defendant notes that plaintiffs' various filings "contain only scattered references to 3216 W. 86 St. where Gabriel A. Matos, Jr. actually resided." (Doc. 23 at 6) Defendant asserts that plaintiffs did not realize their service errors until the Praecipe for Writ of Execution was filed in the state court in May 2018. Defendant states that it was only when the

---

[1] Gabriel A. Matos, Jr. refers to himself as "Debtor Gabriel A. Matos, Jr." For clarity purposes, the Court refers to him as defendant.

Writ of Execution was delivered to his home at 3216 in May 2018 that he first became aware of this lawsuit (Case No. 1:17 CV 999). In his brief, he states, "The Writ got the immediate attention of Gabriel A. Matos, Jr...."(*Id.* at 10) As noted earlier, defendant's affidavit avers that he received no court summons or pleadings in this case (Case No. 1:17 CV 999), and none were received by his son at the 3216 address. He was not aware of the judgment until attorney Van Ness advised him of such during the state court proceeding.

For the following reasons, the Court finds it appropriate to correct the final judgment to change defendant's name from Gabriel Matos to Gabriel A. Matos, Jr.

The Complaint filed in May 2017 named Gabriel Matos residing at 3216 W. 86th, and the original summons prepared by plaintiffs and presented to the Clerk for signature and seal listed defendant's address as 3216 W. 86th. Contrary to defendant's assertion that plaintiffs did not know who they were suing, plaintiffs' first and second requests for extension of time to serve defendant, as well as their request for entry of default, attach a public persons report showing that defendant was born in 1982, and was 34 or 35 years old. (Doc. 10, 11, 12) Clearly, there was confusion as to whether defendant's residence was 3207 W. 86th or 3216 W. 86th. As evidenced by the first and second requests for extension of time to serve defendant, plaintiffs determined that defendant resided at 3207 and retained three different process servers who made about ten separate service attempts at 3207 between May 2017 and September 2017. Service was refused. (Docs 9 and 10) Additionally, on September 21, 2017, the process server delivered the summons in a sealed envelope to defendant's mother, Ana Matos. The process server's notes state that Ana lives at 3207 W. 86th, and that "3216 and 3218 are connected." Ms. Matos was sitting on her front porch, stated that she was Gabriel's

mother, and said that she "would make sure he gets the envelope when he gets home."[2] (Doc. 10)

Ultimately, plaintiffs' second request for extension of time to serve defendant asked that the defendant be served by ordinary mail. After the Court granted that motion, the Clerk served the summons and Complaint by ordinary mail on October 11, 2017. (Doc. 11) The Praecipe for Issuance indicates that the original summons was served. (*Id.*) As indicated above, the original summons listed defendant's address as 3216 W. 86th. The docket shows that there was no returned mail. Nor is there an alias summons to show that the summons would have been mailed to an address other than that listed in the original summons. Therefore, defendant was served by ordinary mail at the address which he now concedes is his residence.

Additionally, not only was defendant served by ordinary mail, but he appears to have had actual knowledge of the lawsuit. "Actual notice of a pending action does not cure a technically defective service of process. However, the rules governing service should be construed liberally, to effectuate service where actual notice of suit has been received by the defendant." *Allstate Insurance v. Utica Physical Therapy, Inc.,* 2018 WL 3036305 (E.D.Mich. June 19, 2018)(citing and quoting *Friedman v. Estate of Presser,* 929 F.2d 1151 (6th Cir. 1991) and *Rovinski v. Rowe*, 131 F.2d 687 (6th Cir. 1942) ). Defendant avers that he resides at 3216 and knew nothing about this lawsuit until the Writ of Execution was delivered to his home in May 2018, and that he never received any summons or pleadings in this case at that address. This is belied by the Court docket. At a minimum, an internal

---

[2] In their reply brief, plaintiffs now maintain that this was effective service. But, plaintiffs acknowledged in their second request for an extension of time to serve defendant that this was not a successful service attempt. Moreover, plaintiffs never filed the proof of service.

8

Staff Note on the docket shows that the default notice was mailed to defendant on December 29, 2017, at 3216 W. 86th and that a copy of the January 26, 2018 Order granting plaintiffs' motion to attend the default hearing by telephone was mailed to defendant at that address as well. Defendant has conceded that this was the address where he resided. His brief states that he "resided exclusively at 3216 W. 86th Street at all times relevant to these proceedings."

Aside from being served by ordinary mail at 3216 W. 86th, defendant's bankruptcy petition[3] provides evidence that bankruptcy debtor Gabriel A. Matos, Jr. is the same Gabriel Matos whom plaintiffs received a default judgment against in this case, warranting an amended judgment to correct the name. The Petition attaches the Quit Claim Deed which transfers the 3216 property from defendant's parents to him and lists Gabriell A. Matos, Jr.'s tax mailing address as 3207 W. 86th. (Petition at 16) Thus, contrary to defendant's assertions, multiple attempts by process servers at that address were not wrongly attempting to serve defendant at his parents' house. Moreover, defendant listed plaintiffs herein as creditors on the Petition, and acknowledged that he owes the debt (while disputed) of $140,000. (Petition at 19) Finally, when asked to identify whether he was a party to a lawsuit within one year of the filing of the bankruptcy, defendant responded "yes" and listed the herein lawsuit by case name and number. He further stated that the lawsuit had concluded by default judgment. He also listed the pending state court case for levy of execution on the judgment. (Petition at 33)

For these reasons, Gabriel A. Matos, Jr. was served with the summons and Complaint herein,

---

[3] The Court has access to the docket of the United States Bankruptcy Court for the Northern District of Ohio, and is able to access the Petition.

plaintiffs intended to sue Gabriel A. Matos, Jr., and the final judgment is amended to correct defendant's name from Gabriel Matos to Gabriel A. Matos, Jr.

**Conclusion**

For the foregoing reasons, Plaintiffs' Rule 60(a) Motion to Correct Judgment Entry *Nunc Pro Tunc* is granted.

IT IS SO ORDERED.

      /s/ Patricia A. Gaughan
      PATRICIA A. GAUGHAN
      United States District Court
      Chief Judge

Dated: 12/10/19